UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RYAN LOUIS SANCHEZ,

    Plaintiff,

v.                                              No.  13cv1074 KG/RHS

MARK LOUIS SANCHEZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING IFP AND DISMISSING COMPLAINT**

THIS MATTER comes before the Court on pro se Plaintiff Ryan Louis Sanchez's application to proceed in district court without prepaying fees or costs (hereinafter called "motion to proceed IFP"), filed November 4, 2013, *see* Doc. 3, and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e).  "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.  Thus, even if a litigant is indigent, if he is attempting to file a frivolous complaint, permission to proceed IFP must be denied.  *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory).

A complaint must be dismissed as frivolous under § 1915(e)(2)(B) if it is premised on a nonexistent legal interest or delusional factual scenario. *See Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). Section 1915(e)(2) "rationally advances the legitimate goal of removing meritless cases from the federal dockets by allowing the courts to review *sua sponte* claims that are particularly likely to lack merit, since indigent litigants have less financial incentive than do paying litigants to screen their potential claims." *Curley v. Perry*, 246 F.3d 1278, 1285 (10th Cir. 2001).

> To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . . Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Neitzke*, 490 U.S. at 327-28. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Sanchez seeks to sue his father under 42 U.S.C. § 1983 because his father allegedly "is claiming to be a cartel leader." Compl. at 2. Sanchez states that his stolen vehicle was not found "until I told my father then within two weeks went to pick it up." *Id.* at 7. He states that his father "has the anarchist's cookbook," and that his father "had me purchase acetone for him before, as well as Dot 5 brake fluid." *Id.* Sanchez's Complaint is premised on a nonexistent legal interest, is irrational, and fails to state a cognizable federal claim.

Accordingly, the Court will dismiss Sanchez's Complaint as frivolous under § 1915(e)(2)(B)(1), and his motion to proceed IFP must be denied.

**IT IS ORDERED** that Sanchez's motion to proceed IFP [Doc. 3] is DENIED; and that his Complaint is DISMISSED WITHOUT PREJUDICE.

_____
**UNITED STATES DISTRICT JUDGE**